### THE CITY OF NEW BERN.

(District Court, E. D. New York. September 4, 1926.)

No. 7523.

Shipping &#x2015;41—Towage &#x2015;16—Steamer's charterer to tow injured barge held owner pro hac vice, though paying half of insurance, and had no lien on steamer.

Where libelant, owner of barges damaged by steamer, was also, under charter party, owner pro hac vice of steamer, *held*, no recovery could be had, notwithstanding provision in charter party by which libelant agreed to pay one-half of tower's liability insurance.

In Admiralty. Libel by Patrick Jordan, as owner of the barges Jordan Sisters and Raymond Jordan, against the steamer City of New Bern; the Empire Canal Corporation, claimant. Libel dismissed.

Macklin, Brown & Van Wyck, of New York City, for libelant.

Stanley & Gidley, of Buffalo, N. Y., for claimant and respondent.

CAMPBELL, District Judge. The above-entitled action, with two others (file Nos. 7059 and 7348), were submitted together, and it is now asked that I decide only the above-entitled action, and hold the decision of the others in abeyance until the determination of the Circuit Court of Appeals, if an appeal be taken. I see no objection to that course, and it will be followed, unless objection is made, in which event the disposition to be made of the other cases will be determined.

The fault of the steamer City of New Bern, and some damage to the barge, is conceded; but the question of the amount of damages, if any be recoverable, is left for decision, and no evidence has been taken on that subject. The main question to be decided in the case at bar relates to the construction of the agreement or charter party under which the steamer City of New Bern was hired.

If the agreement or charter party constituted a demise, then the libelant and one Frank Lowery became the owners of the steamer City of New Bern pro hac vice, and the law as laid down by this court in its opinion in Shippers' Navigation Co., Inc., v. Steamship Dutchess et al., 15 F.(2d) 198, Admiralty No. 7387, dated August 17, 1926, and Shippers' Navigation Co., Inc., v. Steamers Dutchess and City of New Bern, 16 F.(2d) 1003, Admiralty No. 7386, filed September 4, 1926, applies to the case at bar.

The facts are all stipulated, including a copy of the agreement or charter party under which the charterer had possession of the City of New Bern. By the terms of the agreement the captain and crew operating the City of New Bern were to be under the orders of the charterer; the charterer was to have the use of the steamer, and agreed to undertake the immediate operation of his fleet with the City of New Bern. The hiring was for a specified term, under specified conditions, and the owner gave up all control of the operation of the steamer during such period.

There were provisions as to booking cargo, which were for the benefit of the owner; but such provisions did not take from the charterer the sole dominion over and control of the steamer. The agreement or charter party to Lowery was accepted by the libelant in writing, and therefore it seems to me that it was a demise, and he and Lowery became the owners of the City of New Bern pro hac vice. Reed v. United States, 11 Wall. 591, 600, 20 L. Ed. 220; Leary v. United States, 14 Wall. 607, 610, 20 L. Ed. 756; United States v. Shea, 152 U. S. 178, 14 S. Ct. 519, 38 L. Ed. 403.

The libelant and Lowery being the owners of the steamer City of New Bern pro hac vice, the libelant, the owner of the barges Jordan Sisters and Raymond Jordan, and Lowery having some interest, not specifically shown,

but presumably that of a charterer of the said barges, as he describes them on the agreement or charter party with other boats as "my fleet of barges," it follows, under the opinion which I have expressed in the cases hereinbefore cited, as decided by this court (Shippers' Navigation Co., Inc., v. Steamship Dutchess et al., supra, and Shippers' Navigation Co., Inc., v. Steamers Dutchess and City of New Bern, supra), that there can be no recovery in the action at bar, because the owner of the barges cannot recover against himself as owner pro hac vice of the steamer, when both are operated by him and Lowery, and, as he could have no lien, then he could acquire none after the steamer had been repossessed by her absolute owner, unless it be because of the following clause in said agreement or charter party:

"I agree to create no lien or other charge, debt or obligation of any kind upon or against the said power boat, and I distinctly agree that I have no right or authority so to do, and I hereby agree to pay one-half of all tower's liability insurance premiums on said power boat covering tower's liability insurance."

Libelant contends that the insertion of such clause shows an intention to change the rule of law as I have applied it, and makes the City of New Bern liable for the alleged damages. I cannot agree with this contention. The action at bar is brought in rem, and I do not think such lien exists.

The agreement to pay for tower's liability insurance appears to me to be a personal agreement on the part of Lowery and libelant with the Empire Canal Company, owner of the City of New Bern, and may well have been insisted on to protect it and the steamer in case any boats other than those of Lowery or the libelant were towed by the City of New Bern.

What may be the liability of Lowery, if any, cannot be determined in this action, as he is not a party thereto.

A decree may be entered, dismissing the libel, with costs against the libelant.