THE DUTCHESS. THE CITY OF NEW BERN. SHIPPERS' NAV. CO., Inc., v. NEW. YORK CANAL & GREAT LAKES CORPORATION.

(District Court, E. D. New York. September 4, 1926.)

No. A–7386.

1. Shipping ⬅41—Charterer, having exclusive possession and control of vessels for specified term at specified hire, held owner pro hac vice.

Charter, by which charterer hired vessels for specified term at specified hire, and assumed exclusion possession, command, and navigation of vessels, and employed all persons managing and operating them, made charterer owner pro hac vice.

2. Shipping ⬅41—As respects right to damages no distinction exists between absolute ownership and ownership pro hac vice.

As respects right to recover for damages, there is no distinction between absolute ownership and ownership pro hac vice.

3. Admiralty ⬅28—Lien is essential to admiralty suit in rem.

A lien is essential foundation for a suit in rem in admiralty.

4. Towage ⬅16—Charterer of steamers acquired no lien against steamers for damages to barge owned by it.

One cannot acquire lien on his own property, and charterer, being owner pro hac vice of chartered steamers, could not acquire lien against steamers for damages to barge owned by it.

5. Towage ⬅16—Where charterer, because of ownership pro hac vice of steamers and barge, acquired no lien against steamer for damages to barge, owner of barge, on resuming possession, acquired no lien.

Where charterer, because of its ownership pro hac vice of barge and steamer, could acquire no lien against steamers for damages to barge, owner of barge, on resuming possession thereof, could acquire no lien.

6. Towage ⬅11(2)—Chartered barge and towing steamer held one vessel, operating under common dominion and control.

Chartered barge in tow, and steamer towing it, were, for purpose of voyage, on which barge was damaged, one vessel, operating under common dominion and control.

7. Insurance ⬅606(3)—Barge owner, relieving charterer from liability for hull damages, could not hold steamers demised to same charterer, nor was insurer better situated.

Where owner of barge in tow expressly relieved charterer from liability for damages coverable by hull insurance, it could not hold steamers demised to same charterer responsible for such damages, and underwriter who paid owner under hull policy stood in no better position than owner.

8. Towage ⬅16—Barge charter, requiring charterer to take out tower's liability insurance, held not to subject steamers demised to same charterer to lien for damages to barge.

Barge charter requirement that charterer take out tower's liability insurance on all towboats forming part of fleet held not to make steamers demised to same charterer, subject to lien for damages to barge, where no towboats were mentioned in schedule annexed to charter party as constituting part of "fleet."

9. Towage ⬅16—Barge charter requirement that charterer take out tower's liability insurance on towboats held personal agreement by charterer.

Barge charter requirement, that charterer take out tower's liability insurance on towboats forming part of fleet, held personal agreement by charterer.

10. Admiralty ⬅88—No determination can be had affecting rights of charterer not party to libel against steamers.

No determination affecting rights of charterer of barge can be had on libel by owner of barge against steamers damaging barge, to which charterer was not party.

In Admiralty. Suit by the Shippers' Navigation Company, Inc., owner of barge S. N. No. 10 against steamers Dutchess and City of New Bern, owned by the New York Canal & Great Lakes Corporation. Libel dismissed.

Macklin, Brown & Van Wyck, of New York City, for Shippers' Navigation Co., Inc.

Stanley & Gidley, of Buffalo, N. Y., for New York Canal & Great Lakes Corporation.

CAMPBELL, District Judge. The parties hereto have entered into a stipulation of facts. By this stipulation the fault of the steamers Dutchess and City of New Bern is admitted.

The question, therefore, to be determined is the construction to be placed upon charters of the steamers Dutchess and New Bern and barge S. N. No. 10 to the Empire Canal Corporation, which were offered in evidence.

I have already considered the question involved in my opinion in The Dutchess et al. (D. C.) 15 F.(2d) 198, admiralty No. 7387, dated August 17, 1926.

The steamers Dutchess and City of New Bern are owned by New York Canal & Great

Lakes Corporation, and were chartered to the Empire Canal Corporation by the charter party in evidence, and were in possession of such corporation under said charter at the time of the accident.

The barge S. N. No. 10 is owned by the libelant and was chartered to the Empire Canal Corporation by the charter party in evidence, and was in possession of such corporation under said charter at the time of the accident. [1] The two charters are practically identical in their terms. Under these charters the charterer hired the vessels for a specified term at a specified charter hire, and assumed the exclusive possession, command, and navigation of the vessels, and all persons employed in the management, operation, and control of the vessels were employees of the charterer and not the owner, and by such charters the Empire Canal Corporation became the owner pro hac vice of such barge and steamers. Reed v. United States, 11 Wall. 591, 600, 20 L. Ed. 220; Leary v. United States, 14 Wall. 607, 610, 20 L. Ed. 756; United States v. Shea, 152 U. S. 178, 14 S. Ct. 519, 38 L. Ed. 403; The Del Norte (D. C.) 111 F. 542, affirmed (C. C. A.) 119 F. 118.

[2-5] In my opinion, in so far as it applies to the case at bar, there is no distinction between ownership absolutely and ownership pro hac vice. A lien is essential for the foundation of a suit in rem in admiralty. Benedict's Admiralty, 5th Edition, § 12. The charterer, being the owner of the barge S. N. No. 10 and the steamers City of New Bern and the Dutchess pro hac vice, could not acquire a lien against the steamers for damages to the barge, because one cannot acquire a lien on his own property. The Del Norte, supra. The charterer being unable to acquire a lien for damages to the barge under the conditions existing, the owner of the barge could not acquire a lien against the steamers on the resumption of possession. The Charlotte (D. C.) 285 F. 84.

[6] The barge S. N. No. 10 and the steamer Dutchess, by virtue of the charters, were under a common dominion and control, that of the charterer, and under the maritime law became, for the purpose of the voyage upon which the damages are alleged to have been received, one vessel and constituting a single unit, operating under a common dominion and control. The Northern Belle, 9 Wall. 528, 19 L. Ed. 746; The Columbia (C. C. A.) 73 F. 226, 237; Thompson Towing & Wrecking Ass'n v. McGregor (C. C. A.) 207 F. 209.

[7] By the ninth paragraph of the charter, the owner of the barge S. N. No. 10 covenanted to keep the same covered with hull insurance against fire and the usual marine risks, and expressly relieved the charterer from liability for any damage coverable by hull insurance.

The damages for which recovery is sought herein are coverable by hull insurance. The owner of the barge, therefore, cannot hold the steamers responsible for such damages, and, if suit is brought for the benefit of the underwriter, who has paid the owner under a hull policy and seeks to recover by virtue of subrogation, it can stand in no better position than the owner of the barge, its insured (Globe & Rutgers Fire Ins. Co. v. Hines [C. C. A.] 273 F. 774, certiorari denied 257 U. S. 643, 42 S. Ct. 54, 66 L. Ed. 414), and the libel cannot be maintained either for the benefit of the barge owner or its underwriter.

[8] The second part of the ninth paragraph of the charter of the barge provides that the charterer shall take out tower's liability insurance on all towboats forming part of the fleet and pay the premiums therefor, and that it shall be deemed part of the charterer's operating expenses; and the charterer also agrees to take out insurance covering the cargo against all unusual risks and the charterer and/or vessel against liability of the cargo.

The agreement to carry tower's liability insurance was for the benefit of the owners of steam vessels chartered probably because it might well be that the charterer would tow therewith boats which it did not own, either absolutely or pro hac vice, and in that event the owner of the steam vessel was to be protected by the insurance.

The agreement or charter party was evidently made on an established form, covering both barges and steam vessels named in an annexed schedule. See first portion of the first paragraph, which reads as follows: "The owner hereby charters each of the barges and steam vessels designated in the annexed schedule, and hereinafter referred to as the 'fleet.' * * * * "

In the agreement or charter party in question, no steam vessels are scheduled, only barges, and therefore it would seem that the provisions as to tower's liability have no application in the case at bar, as that provision is found in the ninth paragraph, and reads as follows: "The charterer agrees to take out tower's liability insurance on all towboats forming part of the fleet * * * " —that is, the towboats mentioned in the said agreement or charter party, and, as no towboats were mentioned in the schedule annexed to said agreement, as constituting part of the "fleet," that portion of the agreement or charter party has no application in the case

at bar, and does not inure to the benefit of the barges, so as to make the steam vessels operated and controlled by the charterer subject to any lien for damages to the barges, when both are operated and controlled by the charterer as owner pro hac vice; and, as has been shown, if no lien could be acquired while the steam vessel was in possession of the charterer under said agreement or charter party, none could be acquired after the owner of the steam vessel resumed possession.

[9, 10] The agreement to take tower's liability insurance was a personal agreement by the charterer, and, without expressing any opinion as to what might be the charterer's personal liability, if any, it is sufficient to say that the charterer is not a party to this action, and no determination affecting its rights can be had in this action.

A decree may be entered dismissing the libel, with costs against the libelant.